Scott A. Flinders (6975)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: 702-385-2500
Facsimile: 702-385-2086
sflinders@hutchlegal.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESSE KALBERER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X inclusive,<br><br>Defendants. | Case No.: 2:13-cv-02278-JCM-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery in this action involves production of confidential, proprietary, or private information for which special protection is be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively

entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

- Policies, procedures, manuals or claims bulletins concerning the handling of bodily injury claims in effect from 2008 to the present in the State of Nevada.
- Litigation policy and procedure manuals in effect from 2008 to the present in the State of Nevada.
- Policies, procedures, guidelines, manuals and/or claim bulletins from 2008 to the present used in the handling if third party bodily injury claim in the State of Nevada.
- Policies, manuals and training materials concerning the duty of good faith and fair dealing owed to insureds from 2008 to the present in the State of Nevada.
- Policies, manuals and training materials concerning compliance with Nevada law handling of bodily injury claims from 2008 to the present.
- Corporate goals and results regarding payment of claims, combined ratios and loss expense for Nevada for the years 2008 to the present.
- Corporate goals and results of the corporate goals for customer retention, policy growth or financial strength for the State of Nevada.
- Corporate goals for retention of equity, building of equity or increased in equity.
- Documents relating to claims process or reinventing of the claims process.
- Policies, manuals, articles, plans, handbooks and/or guidelines regarding American Family's Corporate Incentive Program.
- Documents concerning the severity of casualty claims.

Defendant American Family is in the process of identifying additional responsive materials that are likely to be deemed confidential and reserves the right to supplement this list as discovery continues. Additional identified materials will be subject to this Stipulated Protective Order.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

   4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

   4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

   (a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

   (c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3

1  (d) the court, court personnel, and court reporters and their staff;

2  (e) copy or imaging services retained by counsel to assist in the duplication of

3  confidential material, provided that counsel for the party retaining the copy or imaging service

4  instructs the service not to disclose any confidential material to third parties and to immediately

5  return all originals and copies of any confidential material;

6  (f) during their depositions, witnesses in the action to whom disclosure is

7  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

8  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

9  transcribed deposition testimony or exhibits to depositions that reveal confidential material

10 must by separately bound by the court reporter and may not be disclosed to anyone except as

11 permitted under this agreement;

12 (g) the author or recipient of a document containing the information or a custodian

13 or other person who otherwise possessed or knew the information.

14 ~~4.3 Filing Confidential~~ See order issued ~~onfidential material or discussing or concurrently herewith.~~ ~~referencing such material in court all confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.~~

15 5. DESIGNATING PROTECTED MATERIAL

16 5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designated information or items for protection under this

4

agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do no qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (e.g., paper or electronic documents and depositions exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial or trial proceedings: the

parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and

confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

  6.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the confidentiality of the designated documents. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

  (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it had disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligation imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. ADDITIONAL PROVISIONS.

Nonwaiver: This stipulation is not, and shall not be interpreted as, a waiver by Plaintiff of any discovery rights or right to compel further production of documents. This stipulation is not, and shall not be interpreted as, a waiver by American Family to claim in this lawsuit or otherwise that the confidential materials described herein are privileged or otherwise nondiscoverable, or inadmissible.

Violation or Order: Upon an alleged violation of this stipulated protective order, the Court on its own motion or on the motion of any party, may grant relief as it deems appropriate in law or equity. Should any provision of this stipulation or protective order be stricken or held

***

***

***

***

***

***

***

***

***

***

***

***

9

1  invalid by any Court of competent jurisdiction, all remaining provisions shall remain in full
2  force and effect.
3
4      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
5  Dated this  15  day of May, 2014.        Dated this  12  day of May, 2014.
6  HUTCHISON & STEFFEN, LLC              PRINCE & KEATING
7
8  _____        _____
9  Scott A. Flinders (6975)              Dennis M. Prince, Esq.
   Peccole Professional Park             3230 S. Buffalo Dr., Ste. 108
10 10080 West Alta Drive, Suite 200      Las Vegas, Nevada 89117
   Las Vegas, Nevada 89145
11
                                         *Attorneys for Plaintiff*
12 *Attorneys for Defendant*
                                         **ORDER**
13
14     IT IS SO ORDERED.
15     DATED this  16th  day of  May                , 2014.
16
17                                        _____
18                                        United States Magistrate Judge
19 Submitted by:
20 HUTCHISON & STEFFEN, LLC
21
22 _____
23 Scott A. Flinders (6975)
   Peccole Professional Park
24 10080 West Alta Drive, Suite 200
   Las Vegas, Nevada 89145
25
26 *Attorneys for Defendant*
27
28