UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE KALBERER, | Case No. 2:13-cv-02278-JCM-NJK |
| Plaintiff(s), | |
| vs. | ORDER STRIKING MOTION TO SEAL |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | (Docket No. 52) |
| Defendant(s). | |

Pending before the Court is a motion to seal. Docket No. 52. The motion to seal itself is filed under seal. *See id.* The motion to seal presents arguments that an allegedly privileged document ("Exhibit D") should be sealed.[1] Defendant presents no basis for sealing its legal brief and, therefore, it should not have been filed under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).[2] Accordingly, the motion to seal is hereby **STRICKEN** as improperly filed.

The Court notes that Defendant failed to follow the proper procedures for seeking leave to file documents under seal. As the Court explained previously,

---

[1] The privileged nature of the document appears to be a contested issue that will be briefed in relation to the underlying motion. *See* Docket No. 51. The Court herein expresses no opinion as to whether the document is privileged.

[2] The motion to seal attaches a copy of the exhibit that Defendant argues should be sealed. That the exhibit was attached to the motion does not provide grounds for sealing the motion itself. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (sealing of entire documents is not appropriate where redaction is appropriate).

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures.

Docket No. 32 (quoting Local Rule 10-5(b)).  As such, the motion attaching the relevant document filed on July 11, 2014, should have been accompanied by a motion to seal.  The motion to seal and the sealed version of the relevant exhibit were not filed until 10 days later, on July 21, 2014.  In the future, the Court expects parties to strictly follow Court orders and the rules of the Court.

With respect to the pending request to seal, Defendant may refile the motion to seal. Defendant may file under seal a copy of Exhibit D as an exhibit to the motion to seal.  That exhibit will remain under seal at least until the Court resolves the motion to seal.  *See* Docket No. 32 (quoting Local Rule 10-5(b)).  Nonetheless, the arguments presented in the motion to seal itself should be filed publicly absent some showing that the brief merits sealing (which does not appear to be the case).

IT IS SO ORDERED.

DATED: July 22, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge