UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESSE KALBERER, | Case No. 2:13-CV-2278 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is plaintiff Jesse Kalberer's (hereinafter "plaintiff") motion for reconsideration. (Doc. # 81). Defendant American Family Mutual Insurance Company (hereinafter "defendant") filed a response, (doc. # 87), and plaintiff filed a reply, (doc. # 96).

Also before the court is defendant's motion for attorney's fees and costs. (Doc. # 79). Plaintiff filed a response, (doc. # 83), and defendant filed a reply, (doc. # 86).

**I.   Background**

Plaintiff was insured by defendant under a family automobile policy. (Doc. # 26). The policy provided a limit of $100,000 for bodily injury per individual. (Doc. # 26).

On May 28, 2008, plaintiff was involved in a car accident with Eileen Mendiola ("Mendiola"). (Doc. # 26). The next month, defendant received letters of representation from Adam S. Kutner and Associates as representatives of Mendiola. (Doc. # 26). On June 25, 2009, defendant received a demand from Mendiola which requested the full $100,000 policy limit in order to settle the claim. (Doc. # 46). After this demand was rejected, Mendiola filed a lawsuit against plaintiff and defendant in Nevada state court on August 24, 2009. (Doc. # 26).

**James C. Mahan**
**U.S. District Judge**

1  Defendant disputed liability for Mendiola's injuries based on its belief that some of the
2  alleged injuries predated the accident. (Doc. # 26). Additionally, defendant believed that
3  Mendiola had overstated her medical expenses. (Doc. # 26).

4  Defendant sent several updates to plaintiff, including a warning that stated, "[s]hould the
5  damages awarded to [Mendiola] exceed the coverage limit provided under [plaintiff's] policy of
6  insurance with [defendant], [plaintiff] may be held personally liable for the amount in excess of
7  those limits." (Doc. # 46-9). Based on this representation, plaintiff emailed defendant and
8  requested that the case be settled for the policy limit so that plaintiff would not be held
9  personally liable. (Doc. # 46).

10  Throughout the litigation, defendant's counsel sent several status updates to defendant
11  advising that an adverse damage award as high as $350,000 could result from Mendiola's claims.
12  (Doc. # 46). In January 2013, defendant's counsel advised that exposure was potentially as high
13  as $600,000. (Doc. # 46).

14  On March 25, 2010, Mendiola sent defendant an offer of judgment for $99,999 in order
15  to settle the lawsuit. (Doc. # 26). Defendant allowed this offer to expire. On September 24,
16  2010, defendant sent an offer of judgment for $76,000, which Mendiola subsequently allowed to
17  expire. (Doc. # 26). At the conclusion of the state court litigation, a jury issued a verdict against
18  plaintiff for $338,477.03. (Doc. # 26).

19  Defendant later settled claims with Mendiola and others involved in the state court
20  litigation for $500,000. (Doc. # 26). Accordingly, a stipulation and order to vacate the state
21  court judgment was approved by the state court on February 14, 2014. (Doc. # 26).

22  Plaintiff initially filed the instant suit against defendant in Nevada state court on October
23  18, 2013. (Doc. # 1-1). Defendant subsequently removed the case. (Doc. # 1). Plaintiff's
24  complaint alleged claims for (1) breach of contract, (2) bad faith, and (3) violations of Nevada's
25  Unfair Claims Practices Act, all arising out of defendant's refusal to settle the state litigation
26  within the policy limits. Plaintiff also requested punitive damages. Plaintiff later withdrew his
27  breach of contract claim when defendant settled the lawsuit with Mendiola. (Doc. # 46).
28  . . .

**James C. Mahan**
**U.S. District Judge**

On August 19, 2014, the court granted summary judgment in favor of defendant and denied plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 56(d). (Doc. # 77). The court found that defendant's conduct was reasonable and therefore did not meet the standard for bad faith based on the facts of the case. (Doc. # 77).

Plaintiff now moves the court to reconsider its August 19, 2014, order. Defendant moves for attorney's fees and costs.

## II. Legal Standard

*A. Motion to reconsider*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

*B. Motion for attorney's fees and costs*

Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and costs. Fed. R. Civ. P. 54(d). Rule 54(d)(1) states that the prevailing party is entitled to costs other than attorney's fees unless a federal statute, the federal rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1).

Rule 54(d)(2)(B)(ii) provides that a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). "Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees . . . . [T]here must be another source of authority for such an award." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280-81 (9th Cir. 1999) (citation omitted). This comports with the "'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award." *Id.* at 1281 (citations omitted).

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

In diversity cases, state law controls on questions of attorney's fees. *Bevard v. Farmers Ins. Exch.*, 127 F.3d 1147, 1148 (9th Cir. 1997). Nevada Revised Statute 18.010(2)(b) provides that in addition to any specific statutory provision allowing attorney's fees, a court may award attorney's fees "when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." NRS 18.010(2)(b). Under Nevada law, a claim is groundless if "the allegations in the complaint . . . are not supported by any credible evidence at trial." *Allianz Ins. Co. v. Gagnon*, 860 P.2d 720, 724 (Nev. 1993) (citation omitted).

Local Rule 54-16 provides additional requirements for motions for attorney's fees. LR 54-16(b). In particular, Local Rule 54-16 requires that the moving party include a "reasonable itemization and description of the work performed," an "itemization of all costs sought to be charged as part of the fee award and not otherwise taxable," and a brief summary of the result, labor required, novelty, difficulty, requisite skill, and nature of the fee involved in the case. LR 54-16(b)(1)-(3).

### III. Discussion

*A. Motion to reconsider*

In its order, the court denied plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 56(d). (Doc. # 47). The court stated that the discovery deadline had passed on August 11, 2014, and that plaintiff had not provided any additional evidentiary support for his claims. (Doc. # 47). Therefore, the court concluded that Rule 56(d) relief was inappropriate.

However, on April 8, 2014, Magistrate Judge Koppe granted a stipulation to extend discovery deadlines. (Doc. # 25). Judge Koppe ordered that discovery would be due by November 10, 2014. (Doc. # 25). Upon review of Judge Koppe's order, the court acknowledges the correct discovery deadline.

In its response to plaintiff's motion, defendant notes that the discovery deadline had been extended and thus that discovery had not concluded when the court granted summary judgment. (Doc. # 87). As such, defendant contends that the court should reconsider its basis for denying plaintiff's Rule 56(d) motion. Nevertheless, defendant argues that the court "should still find

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  that Rule 56(d) relief was not warranted because none of the proposed discovery that Plaintiff
2  claims he needs will change the Court's analysis." (Doc. # 87).

3  Federal Rule of Civil Procedure 56(d) provides that when facts are unavailable to the
4  nonmovant, the court may defer consideration of a motion for summary judgment or allow
5  additional time for discovery. *See* Fed. R. Civ. P. 56(d)(1)-(2).

6  To prevail on a 56(d) motion for discovery, the Ninth Circuit requires the moving party
7  show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further
8  discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose
9  summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d
10 822, 827 (9th Cir. 2008).

11 Summary judgment is generally improper where relevant facts have yet to be discovered.
12 *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir. 1984); *see also Klingele v. Eikenberry*,
13 849 F.2d 409, 412 (9th Cir. 1988) (holding that district court improperly entered summary
14 judgment where plaintiff set forth particular facts that he expected to uncover through
15 discovery). However, the nonmoving party has the burden to demonstrate "what facts he hopes
16 to discover that would raise an issue of material fact." *Taylor*, 729 F.2d at 656 (affirming
17 summary judgment where appellant failed to make such a showing).

18 Plaintiff claims in his motion for reconsideration that he had hoped to obtain further
19 evidence and take the depositions of key witnesses before the extended discovery deadline.
20 (Doc. # 81). Plaintiff also notes that he had filed motions to compel, (doc. # 66), that had yet to
21 be resolved. However, Rule 56(d) relief would only have been warranted if plaintiff met the
22 burden of showing specific facts yet to be discovered that would bear on the issue of summary
23 judgment.

24 Plaintiff's motion for 56(d) relief stated that he sought to obtain documents regarding
25 training of certain employees of defendant. (Doc. # 47). Plaintiff also listed a number of
26 requests for production of policies, manuals, and training materials regarding the handling of
27 claims. (Doc. # 47). Finally, plaintiff stated that he intended to submit an expert report and to
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

take further depositions, both of which plaintiff contended would support his bad faith claim. (Doc. # 47).

The information plaintiff cited, if discovered, would not have changed the court's finding as to the reasonableness of defendant's conduct. As the court previously held, the bad faith standard requires that there be no reasonable basis for defendant's conduct. (Doc. # 77). Based on the evidence presented, the court found that defendant "reasonably believed Mendiola's injuries were partially pre-existing and that her medical costs had been overstated." (Doc. # 77).

In light of this finding, any additional information about training or policies would not have been dispositive. Therefore, plaintiff failed to meet the standard for 56(d) relief, and reconsideration is not warranted on these grounds.

Plaintiff also cannot show proper grounds for reconsideration of the court's grant of summary judgment. In his motion and reply, plaintiff cites case law denying summary judgment on bad faith claims. (Docs. # 81, 96). These cases do not alter the court's conclusion that, based on the evidence presented, there was no genuine issue of material fact regarding the reasonableness of defendant's conduct. (Doc. # 77).

Plaintiff fails to show newly discovered evidence, clear error demonstrating manifest injustice, or an intervening change in controlling law that would warrant reconsideration. *See School Dist. No. 1J*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b). Accordingly, the court will deny the motion for reconsideration.

B. *Attorney's fees*

Defendant requests an award of attorney's fees in the amount of $37,699.50 and $9,699.51 in costs pursuant to Federal Rule of Civil Procedure 54(d) and Nevada Revised Statute 18.010(2)(b). (Doc. # 79). Defendant argues that an award of attorney's fees is proper because plaintiff failed to provide any credible evidence to support his claims. (Doc. # 79). Further, defendant contends that plaintiff's suit was improper under the terms of the parties' contract, which only allowed litigation after plaintiff's liability was established by a final judgment and appeal. (Doc. # 79).

. . .

**James C. Mahan
U.S. District Judge**

- 6 -

Under Nevada Revised Statute 18.010(2)(b), a court may award attorney's fees "when the court finds that the claim . . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." NRS 18.010(2)(b). Section 18.010(2)(b) further provides that "[t]he court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations." NRS 18.010(2)(b). In determining whether claims rise to this level, courts apply the same standard as they do in assessing the appropriateness of sanctions. *See Bergmann v. Boyce*, 856 P.2d 560, 564 (Nev. 1993); *Tracey v. Am. Family Mut. Ins. Co.*, No. 2:09-cv-1257-GMN-PAL, 2010 WL 5477751, at *3 (D. Nev. Dec. 30, 2010).

Defendant presents no evidence that plaintiff brought this suit to harass defendant. Instead, it appears that plaintiff brought this suit in the belief that defendant acted in bad faith, despite plaintiff's failure to produce sufficient evidence to preclude summary judgment against him on this issue.

A court may find bad faith under Nevada law where there is "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." *Am. Excess Ins. Co. v. MGM*, 729 P.2d 1352, 1354-55 (Nev. 1986). "[A]n insurer is under an affirmative duty to its insured to settle a claim whenever there is a substantial likelihood of recovery in excess of its policy limits." *Sequoia Ins. Co. v. Royal Ins. Co. of Am.*, 971 F.2d 1385, 1391 (9th Cir. 1992) (citations omitted).

While plaintiff produced insufficient evidence to negate the reasonableness of defendant's conduct, he did attempt to provide some support for his allegations pursuant to the legal standard above. In particular, plaintiff cited a number of communications made to individuals within defendant's company suggesting that Mendiola had claims in excess of the policy limit. (Doc. # 46). Nevertheless, the court concluded that plaintiff "failed to provide substantial evidence supporting elements essential to his bad faith claim." (Doc. # 77).

Therefore, while defendant was entitled to summary judgment on the issue of reasonableness, the court cannot find that plaintiff's claim was "without reasonable ground," even when liberally construing this provision. *See* NRS 18.010(2)(b). Although the evidence

produced by plaintiff was ultimately insufficient, it is untrue that plaintiff's allegations were "not supported by any credible evidence." *See Allianz Ins. Co. v. Gagnon*, 860 P.2d 720, 724 (Nev. 1993). Accordingly, the court will deny defendant's request for attorney's fees.

Because the instant facts do not warrant an award of attorney's fees under the requisite standard, the court need not address plaintiff's compliance with the filing requirements of Rule 54(d)(2)(B) and Local Rule 54-16.

*C. Costs*

Defendant also includes a request in its motion for $9,699.51 in costs for expert witness fees. (Doc. # 79). Plaintiff contends that defendant fails to provide a basis for this recovery. (Doc. # 83).

Defendant also requested the same amount of expert witness fees in its bill of costs filed on September 2, 2014. (Doc. # 80). Plaintiff filed an objection to the bill of costs on September 19, 2014. (Doc. # 84). The clerk's office has yet to tax costs in this matter.

Local Rule 54-13(b)(3) provides,

> If an objection to a cost bill is filed, the cost bill shall be treated as a motion and the objection shall be treated as a response thereto. The Clerk or deputy clerk may prepare sign and enter an order disposing of a cost bill, subject to a motion to re-tax as provided in LR 54-14. The Clerk's taxation of costs shall be final unless modified on review as provided in these Rules.

LR 54-13(b)(3).

Based on the foregoing standard, the instant request for costs is premature. Once the clerk determines which costs are taxable, the court may consider any motions to re-tax costs pursuant to Local Rule 54-14. *See* LR 54-14 ("A party may obtain review of the Clerk's taxation of costs by motion to retax under Fed. R. Civ. P. 54(d), accompanied by points and authorities.").

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for reconsideration, (doc. # 81), be, and the same hereby is, DENIED.

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that defendant's motion for attorney's fees and costs, (doc. # 79), be, and the same hereby is, DENIED.

DATED November 5, 2014.

_____
UNITED STATES DISTRICT JUDGE