**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESSE KALBERER, | Case No. 2:13-cv-02278-JCM-NJK |
| Plaintiff(s), | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |
| vs. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | (Docket No. 95) |
| Defendant(s). | |

Pending before the Court is a motion to seal related to Plaintiff's reply brief to the motion for reconsideration. Docket No. 95 (motion to seal); *see also* Docket No. 96 (reply brief). Defendant filed a declaration in support of the sealing, as well as a response to the motion. Docket Nos. 95-2, 97. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby **GRANTS** the motion to seal in part and **DENIES** it in part.

**I.   STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the

competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179.

Importantly, the Ninth Circuit has also made clear that the sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (even where material is shown to be properly sealed, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure").

## II. ANALYSIS

Plaintiff has filed under seal a reply brief, and the three exhibits attached thereto. The Court will address each document separately below.

### A. Exhibit 1, Personnel Records

Exhibit 1 to the reply brief consists of the personnel records of two non-party employees of Defendant. *See* Docket No. 96-1. Defendant argues that compelling reasons exist to seal that exhibit because these non-party employees have a significant privacy interest in these records that outweighs the public's interest to access to those documents. *See* Docket No. 95-2. The Court agrees. "[C]ourts have recognized the significant interest of non-party employees in keeping their employment files . . . secret." *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 5923426, *2 (D. Nev. Nov. 1, 2013) (citing *Triquint Semiconductor, Inc. v. Avago Techs., Ltd.*, 2011 WL 4947343, *3, 5 (D. Ariz. Oct. 18, 2011)). In this case, that privacy interest outweighs the public's right to access. Accordingly, the Court **GRANTS** the motion to seal as to Exhibit 1.

### B. Reply Brief

Plaintiff also filed under seal the entirety of the reply brief itself. *See* Docket No. 96. Plaintiff did so based on quotations from Exhibit 1 on a few pages of the brief. *See* Docket No. 95 at 3. Neither

party has provided any reasonable explanation as to why the entirety of the reply brief must be sealed, rather than merely redacting its recitation of sensitive information from Exhibit 1. The court finds that redaction of that information can be easily accomplished, leaving the remainder of the brief publicly available. Accordingly, as to the reply brief itself, the motion to seal is **GRANTED** in part and **DENIED** in part. The entirety of the brief cannot be sealed, but the Court will allow redaction of recitation of sensitive information from Exhibit 1.

      C.    Exhibits 2, 3

Plaintiff also filed under seal Exhibits 2 and 3 attached to the reply brief. *See* Docket Nos. 96-2, 96-3. No showing of any kind has been made that sealing those exhibits is proper. Accordingly, the motion to seal is **DENIED** with respect to Exhibits 2 and 3.

**III.  CONCLUSION**

For the reasons discussed more fully above, the motion to seal is **GRANTED** in part and **DENIED** in part. Plaintiff is hereby **ORDERED** to file on the public docket, no later than November 12, 2014, a redacted version of the reply brief and the entirety of Exhibits 2 and 3.

IT IS SO ORDERED.

DATED: November 5, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge